BRACEWELL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___6/23/2026___

June 18, 2026

**VIA ECF**

Hon. Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *United States v. Patrick James and Edward James*, 26-CR-00029-AT

Dear Judge Torres:

We represent Defendant Edward James in the above-referenced matter and respectfully write to request that the Court modify Mr. James' conditions of pretrial release to replace home confinement with a curfew.  Mr. James has fully complied with his conditions of pretrial release since his arrest and the government and the Office of Pretrial Services do not object to the requested modification.  Specifically, Mr. James requests that the Court modify his conditions of pretrial release as follows: (1) a curfew requiring Mr. James to return to his residence each day at a time to be designated by Pretrial Services; (2) travel restricted to the Southern and Eastern Districts of New York and the Northern and Southern Districts of Ohio; and (3) enhanced telephonic location monitoring, with the frequency of check-ins to be set by, and at the discretion of, Pretrial Services.  As set forth below, home confinement is no longer the "least restrictive" means to reasonably assure Mr. James' appearance at trial, and the statutory factors of 18 U.S.C. § 3142(g) weigh in favor of the requested modification.

**I.      Background**

Mr. James appeared in the Southern District of New York on February 4, 2026, and was arraigned before Magistrate Judge Robyn F. Tarnofsky.  Judge Tarnofsky released Mr. James on a $25 million bond with two cosigners, subject to home confinement enforced via location monitoring by bracelet or cell phone, travel restrictions to the Southern and Eastern Districts of New York and the Northern District of

**Seth D. DuCharme**      T: +1.212.508.6165      F: 800.404.3970
Partner                   31 W. 52nd Street, Suite 1900, New York, New York 10019-0019
                          seth.ducharme@bracewell.com      bracewell.com

AUSTIN  DALLAS  DUBAI  HOUSTON  LONDON  NEW YORK  PARIS  SAN ANTONIO  SEATTLE  WASHINGTON, DC

# BRACEWELL

Hon. Analisa Torres
June 18, 2026
Page 2

Ohio,[1] and prohibition on all air travel except for court appearances or as approved by Pretrial Services or the Court. *See* Dkt. 15. Judge Tarnofsky also imposed conditions prohibiting contact with identified victims or witnesses except in the presence of counsel, barring possession of firearms or destructive devices, and requiring advanced approval of Pretrial Services for any new financial accounts or change of residence. Mr. James has fully complied with these requirements, as well as all other conditions imposed by the Court and Pretrial Services.

## II.    Legal Standard

The Bail Reform Act requires that courts release a defendant, "subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community…." *United States v. Bodmer*, No. 03-CR-947 (SAS), 2004 WL 169790, at *1 (S.D.N.Y. Jan. 28, 2004) (quoting 18 U.S.C. § 3142(c)(1)(B)). The Court also "may at any time amend the order to impose additional or different conditions of release." *United States v. Dzhamgarova*, No. 21-CR-58- (MKV), 2021 WL 3113036, at *1 (S.D.N.Y. July 21, 2021) (quoting 18 U.S.C. § 3142(c)(3)). Authorization to amend a release order under Section 3142(c) "is based on the possibility that a changed situation or new information may warrant altered release conditions." *Id.* (citation omitted).

In considering an application to modify bail conditions, courts must apply "the statutory standards applicable to the setting of bail." *Dzhamgarova*, 2021 WL 3113036, at *1 (quoting *United States v. Zuccaro*, 645 F.2d 104, 106 (2d Cir. 1981)). Specifically, courts must consider: (i) the nature and circumstances of the offenses charged, (ii) the weight of the evidence against the defendant, (iii) the defendant's personal characteristics and criminal history, and (iv) the nature of the danger to the community posed by modification. *See Dzhamgarova*, 2021 WL 3113036, at *1; *see also* 18 U.S.C. § 3142(g).

## III.    Argument

Each of the factors under 18 U.S.C. § 3142(g) supports a curfew as the least restrictive condition necessary to reasonably assure Mr. James' appearance. Mr. James is neither a flight risk nor a danger to the community, and his history and characteristics weigh heavily in favor of a curfew. Further, Mr. James' strict adherence to all conditions imposed by the Court and Pretrial Services over the last four months, and the non-objection of the government and Pretrial Services to a curfew, reflect changed circumstances that warrant modification of Mr. James' release conditions.

### A.    Mr. James is Not a Flight Risk

Mr. James' conduct, both before and after his arrest, underscores that he poses no risk of flight. After learning of the government's investigation in October 2025, Mr. James, through counsel, remained

---

[1] On February 18, 2026, we requested a modification of Mr. James' bond conditions to include travel to the Southern District of Ohio, where his daughter resides. *See* Dkt. 21. The Court granted this request on February 19, 2026, subject to the approval of Pretrial Services for all such travel. *See* Dkt. 22.

# BRACEWELL

Hon. Analisa Torres
June 18, 2026
Page 3

in regular communication with the government regarding his domestic travel to meet with counsel in person, surrendered his passport to counsel, and remained in the United States with his family.

Mr. James' personal history and characteristics also firmly establish that he is not a flight risk. He has longstanding ties to Ohio, where his immediate family – including his daughter, who has co-signed his bond, and his grandchildren – reside. Ohio also bears a profound personal significance as the resting place of Mr. James' late son. Mr. James is also an active member of his parish community where he regularly attends church services. These longstanding family and community connections anchor Mr. James to the jurisdiction and weigh heavily against any risk of non-appearance.

Further, Mr. James has no criminal history, and there is no basis to conclude that Mr. James poses any danger to the community if his conditions are modified. He has not engaged in any misconduct while on release (including during travel authorized by Pretrial Services), has adhered to all supervision requirements, and presents no history of violence or other conduct suggesting public safety concerns.

Mr. James' conduct while on release demonstrates that a curfew will adequately assure his appearance. For four months, he has complied fully with every condition imposed by the Court and Pretrial Services, including advance notice and telephone check-in requirements.

### B. Changed Circumstances Warrant Modification

Courts recognize that "a changed situation or new information may warrant altered release conditions." *Dzhamgarova*, 2021 WL 3113036, at *1. As described above, since his release, Mr. James has established a consistent record of full compliance with every condition imposed by the Court and Pretrial Services.

Further, the government previously insisted on home detention but no longer does, reflecting its recognition that the current conditions are more restrictive than necessary. A curfew, combined with the substantial safeguards already in place, would maintain robust oversight while affording Mr. James modest flexibility. Under these circumstances, continued home detention is no longer the least restrictive condition sufficient to achieve the purposes of the Bail Reform Act, and modification to a curfew is both appropriate and warranted.

### IV.    Conclusion

For these reasons, Mr. James respectfully requests that the Court modify his conditions of pretrial release to replace home confinement with a curfew at a time to be designated by Pretrial Services, with travel restricted to the Southern and Eastern Districts of New York and the Northern and Southern Districts of Ohio, and enhanced telephonic location monitoring at a frequency to be set by Pretrial Services.

# BRACEWELL

Hon. Analisa Torres
June 18, 2026
Page 4


Respectfully submitted,


/s/ Seth D. DuCharme

Seth D. DuCharme


cc:     Counsel of Record




GRANTED.

SO ORDERED.

Dated:  June 23, 2026
        New York, New York

_____
ANALISA TORRES
United States District Judge