BRACEWELL

September 4, 2026

**VIA *EX PARTE* EMAIL TO CHAMBERS**

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *United States v. Patrick James and Edward James*, 26-CR-00029-AT

Dear Judge Torres:

We represent defendant Edward James in the above-referenced matter. We write in accordance with the Court's August 17, 2026 Order (Dkt. 99) to renew Mr. James's request that portions of his pretrial motions be filed *ex parte* and under seal. Specifically, Mr. James respectfully requests that the enclosed redacted portions of his Motion to Sever, as well as accompanying Declaration of Seth D. DuCharme, attaching documentary exhibits discussed in the motion, be filed under seal and considered by the Court *ex parte*.[1]

By letter motion dated August 10, 2026, defendants jointly moved to submit portions of their anticipated pretrial motions *ex parte* and under seal. *See* Dkt. 94. The Court denied that application without prejudice, subject to renewal if "Defendants specify the pretrial motion they seek to file *ex parte* and under seal and demonstrate why they are entitled to conceal the identified information from the Government. *See* Dkt. 99. The Court further permitted any renewed request to be filed *ex parte* and under seal. See *id*.

Courts in this Circuit and beyond routinely permit the filing of applications and motions on an *ex parte* basis when those filings would prematurely reveal defendants' defense strategy and anticipated exhibits. *See United States v. Fermin*, No. 91 Cr. 634 (LFJ), 1992 WL 188372, at *1 n.1 (S.D.N.Y. July 30, 1992) (considering motion to suppress *ex parte* and under seal); *United States v. Gomez*, No. 17 Cr. 602

[1] Simultaneously with the filing of this letter, a redacted version of the motion and declaration, together with a limited number of certain publicly available exhibits, was filed on ECF.

**Seth D. DuCharme**
Partner
T: +1.212.508.6165 F: 800.404.3970
31 W. 52nd Street, Suite 1900, New York, New York 10019-0019
seth.ducharme@bracewell.com bracewell.com

(JMF), 2018 WL 501607, at *3 n.2 (S.D.N.Y. Jan. 19, 2018) (permitting affirmation in support of pretrial motion to be filed "*ex parte* and under seal because it discloses 'confidential and privileged possible defenses and strategies.'") (quoting defense submission); *United States v. Boyle*, No. 08 Cr. 523 (CM), 2009 WL 484436, at *3 (S.D.N.Y. Feb. 24, 2009). As to severance motions specifically, courts recognize "a legitimate need to keep *ex parte* some of the discussions, as well as the motions, because they reveal defense strategy." *United States v. Morales-Guanill*, No. 12-215 (DRD/SCC), 2021 WL 4983857, at *4 (D.P.R. Oct. 6, 2014) (noting that "courts considering motions to sever seem to consider such *ex parte* materials as a matter of course"); *United States v. Daughtry*, No. 09 Cr.1132 (DAB), 2011 WL 724668, at *4 (S.D.N.Y. Feb. 25, 2011) (examining *ex parte* letters submitted by defense counsel in connection with motion to sever); *United States v. Lopez*, 915 F. Supp. 891, 901 (E.D. Mich. 1996) (granting motion to sever after conducting an *in camera* review of affidavit outlining proposed defenses).

These authorities aside, in its opposition to defendants' prior motion on this topic, the government told the Court that "[i]n principle" it "does not object to the defendants submitting portions of their motions *ex parte* and under seal," provided defendants show how the sealed material "would reveal specific proof at trial, prematurely identify defense witnesses, or otherwise describe privileged communications." Dkt. 95 at 1. The contents of the severance motion amply satisfy that showing.

The redacted portions of the motion set out, in granular detail, the specific defenses Ed and Patrick James intend to advance at trial. For example, the argument that severance is warranted because Ed and Patrick will advance mutually antagonistic defenses includes the specific theories underlying Ed's anticipated attack on Patrick, and vice versa, as well as discrete communications and financial records Ed intends to marshal in support of his own defense while inculpating Patrick. Disclosing this information in unredacted form to the government would hand the prosecution team a preview of Ed's internal assessment of the trial record months before trial, effectively providing a roadmap of which documents Ed may seek to introduce at trial.

Moreover, the severance motion's discussion of the risks of double prosecution, *i.e.*, that a joint trial would force Ed to defend against both the government and Patrick, describes how Patrick intends to attack Ed and shift responsibility. If the government sees this analysis now, it will have months to adjust its case-in-chief to blunt or neutralize the lines of defense the motion previews. Stated otherwise, using the government's words in its recent opposition to defendants' motions for a bill of particulars, the redacted information would provide "a silver-platter preview" of both Ed and Patrick's defenses.[2]

Sealing and *ex parte* treatment of these materials thus serves to protect the adversarial balance the Federal Rules of Criminal Procedure are designed to protect. *See*, *e.g.*, *United States v. McVeigh*, 169 F.R.D. 362, 363–64 (D. Colo. 1996) (conducting *in camera* review of sealed materials where papers "refer to discovery material and include attorneys' assessments of that material and statements of their

---

[2] *See* Memorandum of Law of the United States of America in Opposition to Defendants' Motions for Bill of Particulars, dated August 31, 2026 (Dkt. 103) at 35.

respective positions in anticipation of a trial”). Further, the unredacted portions of the motion provide the government with sufficient information to submit an informed opposition.

Accordingly, Mr. James respectfully requests that the redacted portions of the severance motion, together with the accompanying declaration and its exhibits, be considered *ex parte* and maintained under seal.

We appreciate the Court’s consideration of this matter.

Respectfully submitted,

/s/ Seth D. DuCharme

Seth D. DuCharme